I was so disappointed I didn't get to argue two other cases yesterday. In this case, Mr. Barbee was convicted of being a felon in possession of a firearm. He was sentenced to 120 months imprisonment. He challenges the procedural reasonableness of his sentence, as well as the admission of some 404B evidence of a prior firearm-related felony. I want to begin with the sentencing issue first. The sentence was procedurally unreasonable for three reasons. The district court failed to consider the 3553 sentencing factors before she imposed sentence. She failed to explain her reasons for imposing the 120-month sentence, and she failed to address any of the mitigating circumstances that Mr. Barbee offered in support of a downward variance. The sentencing hearing proceeded much like any other sentencing hearing would until we got to allocution. At that point, Mr. Barbee made a comment saying that they, meaning police officers, had put the guns that were in the trunk of the car on the floorboard. He accused the government of planning the evidence. He did. For the first time that that had been raised. He did. And the district judge quite properly called time out and looked into that very thoroughly. Watched a video? Yeah. Of what he had said to the police? And so the distraction that your client caused, I think, is a very explicable reason for perhaps short-circuiting the end, if you will. I think it got emotional rather than reasoned judgment for independent legal decision-making that's called for by RETA. By the court, you mean? I think it did get a little emotional. I think she was very upset by the accusation. Well, I should hope so. And I'm not saying wrongfully so. But all of those three requirements for procedural reasonableness continue to exist even though a client, one who has schizophrenia, bipolar disorder, makes an allegation very consistent with those mental illnesses. Your argument is shorthand references that are common aren't enough. And after what your client did, I think the shorthand references, or I would suggest the shorthand references, I've considered all the factors, including the mitigating circumstances, arguments, et cetera. And here's my sentence. That's the thing, though. All she did was list the 35-3 sentencing factors. She didn't even make a general comment, such as, I heard your arguments regarding mitigation, but I don't find them persuasive. She didn't have to. She just found that he had lied about the government planning evidence. And then as soon as after they watched the video and they came back in after the recess, she said that had nothing to do with the sentence she imposed. She specifically said, on the record- It was lucky she didn't suggest new charges. Well, that would have been up to the prosecuting attorney. Well, of course. However, I don't know if there was an obstruction possible, enhancement possible at that point. I don't know. It wasn't raised. He got a break. It wasn't raised. I just respectfully disagree that he got a break. He has longstanding mental illness. This is a person that is seriously damaged and unable to cope with the world. He was on social security disability. His mother had to make those applications for him. His disability got cut off after she died because she wasn't there to help him. He had a home he was living in. The electricity was off. He apparently couldn't pay those bills. He started using marijuana at age eight. That's about second grade. By age 12, he was using every other day, using marijuana. This is a failure. Somehow, his teachers, his parents, his older siblings didn't get him the help that he needed. He got the statutory max, correct? He got 120 months, statutory maximum. He spoke of, in the PSR, he spoke of physical abuse that he suffered at the hands of family members due to his mental illnesses, and I guess the stigma attached from that. He was incarcerated- Sounds like an argument for the House of Representatives not to legalize marijuana. Well, I could try that, but I'm going to argue this case today. One other, I think, an excellent mitigating circumstance, he was incarcerated in Core Civic prior to his trial. That for-profit prison was a disaster at that time, and it was eventually shut down. There was an incident where a guard was being attacked by other inmates, and he intervened to help. He wasn't the sole person. There were other inmates that protected this guard, but he jumped in. That is not a person who is so depraved and lacking in humanity that we automatically say, you get the max. You get 120 months. I'm not saying that the court should have gone down to three years or four years, but that is mitigation. That is significant mitigation. I think it would have merited a year or two less. What if the district court had addressed your mitigating circumstances and talked about the evidence that you presented, the information in the pre-sentence report about his mental health issues, the circumstances at this private prison, and then said, but I still think 120? Then procedurally, that would have been enough. But you would still have your substantive reasonableness argument. Is that what you're saying? I would continue with the substantive reasonableness argument, but Your Honor, I would have to admit it would be weaker because if she had said those things, mentioned the mitigation, perhaps just touched on a couple of the 35-3IA factors with some specificity rather than just listing, I think it would be deemed a procedurally reasonable sentence under RETA because the requirements just aren't that high. But RETA does say when non-frivolous arguments are made, at that point, a judge should do more. These are better. These are stronger than non-frivolous arguments. Do we have any cases where we're just citing the factors alone as you have described happened at the end of this sentencing? Do we have anything that's factually and procedurally similar? I'm not thinking of anything off the top of my head. I'll look at my brief when I sit down. I'm trying to remember if the United States versus Colin Michael had that similarity. The one similarity that pops out to mind there is that it was a defendant who had autism and there was some question as to whether the court had considered that defendant's individual circumstances. This is a little different because as I understand your argument, it's just a recitation that what happened at the district court that was a simple recitation of the statutory factors without anything more. Describing it like that, have we ever faced a case like that? Do you know? I just can't recall off the top of my head. I feel like, too, though, that the court after all of this business with the false accusation, the court was prepared to recess and ask the assistant United States attorney, is there anything else we need to do prior to recess? The United States attorney smartly said, well, I just need to confirm that your sentence is in light of the 3553A factors. There was a prompt, and at that point, to just list factors, when somebody's reminded you here's what we need to get on the record, judge. To me, that makes the error more glaring. One other point that I found to be mitigating that I wanted to mention, he did have a period between 2012 and 2018, roughly six years, where he did not recidivate. It shows that there is some ability to control his behavior. I understand his criminal history is not the greatest, but he was able to do that. During that period of time, he had the assistance of both his mother and his sister. Mom died in 2018, his sister died in 2019. Was he on medications at that point and getting treatment? I don't know if he was on medications at that point. The diagnoses do come from, I want to say it was Truman Medical, I can't remember, and there may have been medication then. He said that he didn't use medication when he was in CoreCivic because it slowed him down, made him so lethargic, he was worried he couldn't defend himself if necessary. I want to touch briefly on the 404B issue. I don't have a whole lot to say about it. I do feel like, I acknowledge that it's a rule of inclusion. If there's going to be some portion of the evidence that does go to propensity, as long as there are other portions of the evidence that is truly relevant, has probative value as to the permissible 404B factors, then the evidence comes in. What I'm arguing here is that the way this evidence was used was pure propensity. It did not have legitimate value for another reason. The government's basic position was that a prior firearm-related felony offense from 2006 made it more likely, had a tendency to show, that he knowingly possessed the firearms in the car in March of 2020, a 14-year-old conviction. I just disagree that something, one, that old, helps, but a person's, excuse me, I have to get some water, a person's state of mind in 2006 does not tell you whether they have the intent to exercise control of a firearm in 2020. If this type of evidence is truly offered for non-propensity reasons, then why are we even linking it to a prior firearm-related felony? Why can the testimony not be, in 2006, Mr. Barbie possessed a firearm? If that's the purpose of it, because he's previously owned or possessed firearms, therefore it is more likely he owns or possesses them in 2020, then it should just be related to prior possession. This type of evidence is almost, just from my reading of cases, seems to be routinely admitted. We used to have a case, though, I cited in my brief, I'm sorry, I can't remember the case, that said, for this type of evidence, we need temporal proximity between the charge of offense and the past crime. Cases are now saying, well, it's not overly remote, and we're allowing in things from 10 years ago and 15 years ago, and it's just getting longer and longer, and there's becoming more of a tenuous connection between the prior offense that is supposed to be so probative of his mind state 14 years later, that we're just not really doing rigorous analysis anymore. And that's the point I'd like to make about the 404B evidence. Thank you. Ms. Butterfield? Good morning, your honors. May it please the court, Mary Kate Butterfield. I'm here today on behalf of the United States, and I would also like to highlight for this court that I also served as trial counsel at Mr. Barbie's jury trial. The evidence that was introduced at his jury trial regarding his prior firearm-related conviction was proper, as it met the test for admissibility pursuant to Rule 404B. And in addition, this district court did not procedurally err in sentencing Mr. Barbie to 120 months of imprisonment, and that ultimate sentence, which fell within the finally calculated guideline range, was substantively reasonable. I would like to address the second argument raised by Mr. Barbie in his brief, given that opposing counsel addressed it first here this morning in front of your honors. And I would like to respond to a number of the assertions regarding the conduct of the district court on the day of the defendant's sentence. Firstly, the district court did not fail to consider the 3553A factors. I think a close review of the sentencing transcript bears out that early in the sentencing hearing, before Mr. Barbie had accused anyone of police misconduct, of planting evidence, of improperly prosecuting and arresting him, after the district court had calculated the guideline range and confirmed with the parties there was no objection to that guideline range, the district court sua sponte brought up the 3553A factors. She explicitly said that she was mindful of those factors as she prepared to sentence the defendant, and that that sentence had to be sufficient but not greater than necessary in order to comply with the statute. I mention that because I believe it's relevant. It demonstrates the district court's state of mind, and it reinforces the fact that her sentencing analysis of this defendant was properly driven by the factors. But the statute also requires the district court to state in open court the reasons. Where are those? Respectfully, your honor, our position is that the district court at the end of the hearing when she did reiterate the specific 3553A factors she relied upon in arriving at this within guideline sentence, that is where her explanation for the sentence is. So based on your position, so long as the district court identifies the factors, that's sufficient for an explanation of providing the reasons in open court? Is that from here on out, is that what all district courts need to do? Well, your honor, I'm certainly not saying that that is all that district courts need to do. I think that in the context of this record, what the district court did was certainly sufficient. And I say that because this court- Is there a written statement of reasons here?  I believe there is. Where is it in the addendum? That's a critical part of the sentencing documents that every nine out of ten lawyers overlook. And I can certainly provide that after the argument. That's my apologies for not including it in the addendum. It's in the record. But you know, that's where a district judge has the ability after the hearing to provide the reasons. And my memory of the statement of reasons in this case was that Judge Ketchmark did explicitly reiterate the factors. She relied upon in arriving at this sentence. To your question, Judge Kelly- That's not explaining. Some judges give very careful statements of reasons. Certainly, your honor. And then, of course, the gospel is overly oral trumps the written. And so the defense lawyers say that doesn't count. That's not the view of the Sentencing Commission. And your honors, in this case, acknowledging that the district court did not explicitly reiterate and mention and go into detail the specific mitigating arguments put forth by Mr. Barbee's trial counsel, my response would be that she is not required to do so. This court has held consistently that when arguments are raised by a defendant in a sentencing hearing and the district court does not explicitly address them in ultimately providing its sentence, the court is presumed to have considered and rejected them. And I think that comes from the Timberlake case from this circuit in 2012. Is there a meaningful difference between saying, well, the district court doesn't need to address every single argument that's presented, particularly if it's a zealous advocate raising a number of issues? Is there a difference between that and just not addressing any, particularly if you can agree that they're non-frivolous? I agree with that statement, your honor. As to the issue of the arguments in this case being non-frivolous, I'm not arguing that the mitigation presented by Mr. Barbee's counsel at sentencing hearing was strictly frivolous by any stretch of the imagination. I would highlight for the court much has been made of Mr. Barbee's mental health history. And there were conflicts and conflicting statements in the record, in the sentencing record before the court as to that point. One other thing I want to point out to this court is when you take the entire sentencing record, so as was mentioned by opposing counsel, this was a bifurcated hearing. We started in the morning, recessed for lunch, investigated this allegation by the defendant of police misconduct. But the entire sentencing record reveals the district court was very familiar with the defendant's final pre-sentence investigative report. And I believe that's relevant because contained within the pre-sentence investigative report was significant information regarding the defendant's mental health history, regarding aspects of his childhood that touched on bullying by cousins or any of his substance abuse issues. And Judge Katchmark at various points in the sentencing hearing engaged meaningfully with both sides. She engaged with the defense counsel as well as myself regarding specific factors that were present, specific issues that were borne out by the PSR. And I mention that because I believe that when taken in the context of the entire record, it reflects the fact that this district court was certainly considering Mr. Barbee's individualized situation in the context of factors in arriving at his ultimate sentence. And so can these two things coexist? One, the district court is fully aware of the arguments. She's read the materials presented. She understands the pre-sentence report. She's engaging with the lawyers. But also failed to give a reason for the ultimate sentence that is consistent with the statute, with Rita, with the purposes behind that. Can those two things coexist? I believe they can, Your Honor. And I think that this brings me to touch on briefly the defendant's third point in the brief, which is the reasonableness of the sentence itself. And I highlight that because the defendant, while he was sentenced to the statutory max in this case, 120 months, that was also a within-guideline sentence. And I believe the precedent from this court has established that when the district court ultimately applies the sentencing guidelines appropriately and sentences the defendant within, that an overly robust and descriptive record regarding the purposes for that sentence is simply not required because it is a within-guideline sentence. And I did want to highlight one other issue and one statement that was made by the district court. Opposing counsel indicated that the district court's sentence in this case was potentially emotional or driven by the statements made by Mr. Barbee and his allocution. I would point this court to the portion of the transcript at the sentencing hearing wherein at the very end when the district court judge had ultimately announced the sentence and had reviewed the factors and she explicitly stated on the record that the sentence was not driven by the defendant's accusations of police misconduct in open court. What the court actually said was, I'm not sentencing him based on what he said today. I can't. 120 months is as high as I can go. Now I'm paraphrasing Her Honor, but implicit in that statement is that Judge Ketchmark had determined that 120 months was an appropriate sentence. It was within the guidelines and that there should be no suggestion made by Her Honor's allegations for the very first time at his sentencing hearing after a three-day jury trial that these guns had somehow been planted on him and that the evidence introduced against him at trial was all fabricated. I would like to turn now to the argument regarding the admission of the 404B evidence. As we argued at trial and as we've argued in our briefs, we do believe that the defendant's I'd like to start with something that opposing counsel said is why, if it truly is, excuse me, 404B evidence, why do you need the conviction? Why isn't the fact that, why can you, excuse me again, present evidence that he possessed a firearm in the past and that seems to go to what you're talking about, knowledge and intent. Why do you need the fact of the conviction? Well, I think, Your Honor, it was born out of a conviction and so I think that practically speaking in a trial context, often these instances of prior firearm possession are introduced in the context of the certified conviction. But to Your Honor's point, I would submit that had defense counsel agreed to stipulate that in 2006 Mr. Barbie was in knowing possession of a firearm, Your Honor, I would submit to the court that I probably would have accepted that and I would have asked the investigating detective the question in that way as opposed to the way it was put to him in that it was premised on a prior conviction. Because, apologies. Oh, you would have asked? And so you would have been satisfied with a record that would have been presented on the 404B that would not have any reference to a conviction? Had that been the, had defense counsel agreed to that and in full candor I certainly didn't propose it. Otherwise, the answer is Apprendi, right? Yes. Right. Slash Almonduras Torres. Right. I think that the focus here on the inquiry is the fact that the prior conviction for the firearm-related offense, that is directly probative. The fact that he knowingly possessed a firearm in the past is directly probative of his knowing possession of the firearms in this case. It's relevant to his intent to possess the firearms. How? Can you flesh that out? So, if you, in maybe 30 words or less, you're telling it to a jury, why is prior possession of a firearm 14 years ago, 12 years ago, relevant to knowledge and intent? Flesh that out for us. In this case, particularly, we're dealing with a constructive possession issue. The entire defense at trial was that someone else possessed these guns. Mr. Barbee just happened to be a passenger in his girlfriend's car with his girlfriend's guns. The fact that he had previously knowingly possessed a gun, there are specific permissible inferences to be drawn there from. Mr. Barbee knows how to obtain a firearm. He knows where firearms are available. He knows how to control a firearm. He knows how to use a firearm. In the context of the constructive possession, where we are tasked with proving beyond a doubt that it was his intention to exercise control and to knowingly possess those firearms, the fact that he's previously knowingly done so significantly undercuts the defendant's argument that these were just somebody else's guns being possessed by another person. And I would reinforce that the defense counsel, in closing arguments, stepped right up to the line regarding the mere presence defense, saying, his merely being close in relation to these firearms in the car does not prove it. There has to be more proof. So what if, just to push on this, if it wasn't, oh, those are somebody else's guns, and it was just a defense of, hmm, I didn't know these, I don't have any knowledge, I just have zero knowledge about anything. Does your argument to the jury change on what the relevance of the prior possession is? I think, Your Honor, I think it's still probative. I think that whether it's an actual possession case or a constructive possession case, when you're talking about firearms and a past knowing firearm possession, I think it's always probative. The situation that Your Honor is presenting, if Mr. Barbie had come in and said, I wasn't even in that car, I don't know anything about the guns, I still think it's probative because, again, in the context of all of the other trial evidence that was introduced, it makes it more probative, more likely than not, that on the date of his arrest, he knowingly possessed those firearms. Because he'd done it before? Because the specific inferences to be drawn from his past knowing possession of firearms is relevant to his possession of firearms in the incident case, would be our position on that. And the one other issue that's raised, as to the 404B in the defendant's brief that I wanted to touch on. Well, you have to prove he was in the car. Right. And then, so I think your assumption is, you've beaten that defense, so he was in the car. Now, what about the guns on the passenger seat floor? Right. And something to highlight is that it was a nuanced argument that defense counsel put well to the jury in the context of the trial, that any admission by Mr. Barbie as to knowledge of the guns was confused. The detective wasn't asking clarifying questions. It related to the one gun on the floor that he was not charged with possessing due to an issue with the interstate firearm nexus. So it was a significant, from our perspective, it did certainly bear, it was relevant and material to his knowledge and his knowing possession. And the last thing I'd like to highlight about the 404B evidence is that there's nothing in the record to suggest that the danger of the unfair prejudice in any way outweighed the probative value. I'd highlight the limiting instruction offered by the court and the lengths that the parties went to to try and sanitize any unfair prejudice from the record. So I see the amount of time, and we just respectfully ask this court to affirm. You think the issue would be different if he had emerged from the backseat? The issue of the... 404B. I do think it would be different. I think I could have potentially had an argument that when you're considering the weight of the prior conviction that... At least the relevance would be different. Yes, certainly. There's no other questions and I'll end it here as I've fulfilled all my time. Thank you, your honors. Thank you. With respect to Judge Kelly's... Yes, go ahead. Thank you. With respect to your questions about do we have any case authority where 353A factors are just mentioned, not analyzed, United States v. Feimster, the site is at page five in my reply brief. United States v. Burrell, that site is at page seven of the reply brief. While, quote, lengthy explanations are not required, that, quote, does not permit a district court to give no explanation for its decision. Feimster says the court must provide insight into its reasons. So, the factors alone are not enough. If the debate the jury has to resolve on this 404B evidence, if the debate is did the guns belong to the driver, Christina Gable, or did they belong to Mr. Barbie, the evidence is still being used to prove he did it in the past, so those are more likely his guns. She had a gun on her that night. Why aren't they her guns? If that's going to be the argument, that his 14-year-old offense is going to establish likely possession now, so does the defense get into her prior record? Are we going to bring out her criminal history on whether she had a prior firearm-related offense? I don't know if she did or did not, but... Well, even if they're her guns, it's still a constructive possession claim argument when they're on the passenger seat, when they're on the floor of the seat he's sitting in. If he, yeah, if they establish his intent to exercise control over, which I thought defense counsel had a pretty good argument because in his statement, Mr. Barbie admitted he had the long gun. It's a pistol, but it's actually a longer barrel. He admitted he had that one, admitted he saw the guns because he said he shoved them to the side. DNA was on the handgun, though. But again, they're arguing, well, we have to rebut the DNA evidence because defense is arguing that it's transferred DNA, not that he touched the gun. So a 2006 prior firearm offense tells you how the DNA got onto a gun? Yeah, it was not a slam-dunk constructive possession case, which I don't think makes your 404B argument as strong as if it was more routine. Well, it helps me get around harmless error. It was a debatable case. It was. Oh, one last thing. I'm sorry. Where both parties articulate the 404B argument the best is at pages 125 to 131. Thank you.